UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD TOBIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPHS GROCERY COMPANY, INC.<br>dba FOOD CO., STORE #501, ALAN J.<br>REED and DOES 1-10,<br><br>　　　　Defendants. | No. 2:16-cv-02295 TLN AC<br><br><br>ORDER |

Plaintiff has requested authority under 28 U.S.C. § 1915(a) to proceed in forma pauperis. Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted.

I.  SCREENING

Granting IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiffs must assist the court in making this determination by drafting their complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

1

reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.  Forms are also available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice, need not be accepted as true.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

## II. THE COMPLAINT

The Complaint in this case satisfies the requirements set out above. It contains facts that properly allege claims for violations of the federal Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and supplemental State claims under California statutes intended to assure equal access of disabled citizens of the State to places of public accommodation. Cal. Civ. Code §§ 51-53, 54-58, and general tort law claims, which, if proven, would entitled the plaintiff to some or all of the relief sought.

IT IS THEREFORE ORDERED

1. The Clerk of the Court shall forthwith issue, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

2. The Clerk of the Court shall send plaintiff, for each defendant named in the caption of the case, one USM 285, one summons, a copy of the complaint and an appropriate form of consent to trial by a magistrate judge.

3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process and <u>shall file a statement with the court that said documents have been submitted to the United States Marshall</u>.  The Court anticipates that, to effect service, the U.S. Marshall will require, for each defendant named in the caption of the Complaint, at least:

    a. One completed summons;
    b. One completed USM-285 form;
    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and
    d. One copy of this Order.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the named defendants within 90 days from the date of this Order, he is directed to report that fact, and the reasons for it, to the undersigned.

////

5. The Clerk of the Court is directed to serve a copy of Order on the U.S. Marshal, 501 "I" Street, Sacramento, CA, 95814, Tel. No. (916) 930-2030.

6. Failure to comply with this Order may result in a recommendation that the action be dismissed.

DATED: September 30, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4